UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PAUL LAYTON, | No. 2:13-cv-1618 AC |
| Plaintiff, | |
| v. | ORDER |
| WILLIAM B. KNIPP, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed a complaint styled as a "motion of mandamus for an order of injunction…" preventing the California Department of Corrections ("CDCR") from transferring him to any prison where Valley Fever is prevalent. Because mandamus relief is not an available remedy, this court construes plaintiff's complaint as a civil rights action for injunctive relief under 42 U.S.C. § 1983.[1]

---

[1] Although the federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff" (28 U.S.C. § 1361), federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161 (9th Cir. 1991) ("We further note that this court lacks jurisdiction to issue a writ of mandamus to a state court."); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their (continued…)

1

1    Plaintiff has also filed a motion for temporary restraining order preventing CDCR from transferring him during the pendency of this action. Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff must be granted in forma pauperis status or pay the filing fee in order for the court to consider the merits of his motion for temporary restraining order or his complaint. Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed; and

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

DATED: August 13, 2013

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//layt.1618.3a

---

duties[.]"). Accordingly, the court construes plaintiff's "motion for mandamus for an order of injunction…." as a civil rights complaint for injunctive relief. See 42 U.S.C. § 1983.