UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PAUL LAYTON,<br><br>        Plaintiff,<br><br>    v.<br><br>WILLIAM B. KNIPP,<br><br>        Defendants. | No. 2:13-cv-1618 AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff has filed a complaint styled as a "motion of mandamus" seeking injunctive relief. Plaintiff has also filed a motion for a temporary restraining order. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to jurisdiction by United States Magistrate Judge.

I.      In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Screening of Plaintiff's Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8 requires a "short and plain statement" showing grounds for jurisdiction and that the pleader is entitled to relief. Fed. R. Civ. P. 8. A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). However, "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

(1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Erickson, 551 U.S. at 94.

Plaintiff is a 56 year male with chronic asthma who was a smoker for twenty-two years. ECF No. 1 at 2. On July 23, 2013, Counselor Winkler notified plaintiff that plaintiff was being put up for transfer to Pleasant Valley State Prison ("PVSP") and that plaintiff had been cleared by a doctor to be transferred to PVSP. Id. at 1−2. Plaintiff was not seen by a doctor in regard to a transfer. Id. at 2. On July 24, plaintiff was endorsed to be transferred. Id.

Plaintiff alleges that transferring him to an area infected with Coccidioidomycosis ("Valley Fever"), a fungal disease, could result in severe disease, long-term morbidity, or death. Id. Petitioner alleges that the health hazards presented by Valley Fever are particularly dangerous and life-threatening to him because he was a smoker and has asthma, which is considered to be an "immunocompromised" condition. Id. at 3.

Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161 (9th Cir. 1991) ("We further note that this court lacks jurisdiction to issue a writ of mandamus to a state court."); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]"); see also Newton v. Poindexter, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees).

Because the court cannot grant the mandamus relief sought, plaintiff's complaint is better construed as a civil rights complaint under 42 U.S.C. § 1983 for injunctive relief. Plaintiff seeks an injunction preventing the California Department of Corrections ("CDCR") from transferring him to any prison in an area where Valley Fever is present, including PVSP. Plaintiff alleges that such a transfer would constitute an excessive risk to his health and safety in violation of the Eighth Amendment.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the official must have a sufficiently culpable state of mind, one of deliberate indifference to inmate health or safety. Id.; see also Hudson v. McMillian, 503 U.S. 1, 8 (1992). A prison official acts with deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

"In a suit seeking injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm, the subjective factor, deliberate indifference, should be determined in light of the prison authorities' current attitudes and conduct, their attitudes and conduct at the time suit is brought and persisting thereafter." Id. at 845 (internal quotations marks and citation omitted). "[T]o establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." Id. If the court finds the Eighth Amendment's subjective and objective requirements satisfied, it may grant appropriate injunctive relief. Id. at 846.

Courts of this district have held that confinement in a location where Valley Fever is present does not, in and of itself, satisfy the objective element of an Eighth Amendment claim, i.e., that the condition poses an excessive risk of harm. See, e.g. Smith v. Yates, No. 1:10-cv-1088 AWI GSA, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, No. 1:07-cv-1283 AWI GSA, 2009 WL 546212, *4 (E.D. Cal. Mar.4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Gilbert v. Yates, No. 1:09-cv-2050 AWI DLB, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, No. 1:08-cv-0125 OWW SMS,

2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

Courts have, however, deemed the first prong of an Eighth Amendment claim satisfied where the plaintiff identified a factor responsible for either increasing the risk of contraction of Valley Fever or the severity of infection.  See, e.g., Owens v. Trimble, No. 1:11-cv-01540 LJO MJS, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, No. 1:10-cv-1963 DLB, 2012 WL 893783, *2–4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); Thurston v. Schwarzenegger, No. 1:08-cv-0342 AWI SMS, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and additionally race); see also Plata v. Brown, No. C01-1351 TEH, 2013 WL 3200587, *7 n. 10 & *14 (N.D. Cal. June 24, 2013) (finding that certain groups of medically high risk inmates are at an increased risk of harm from Valley Fever infection and therefore should be excluded from Pleasant Valley State Prison and Avenal State Prison).

Here, plaintiff alleges that he is especially susceptible to Valley Fever because he has asthma.  Plaintiff has alleged a deprivation that is, objectively, sufficiently serious.  As set forth, however, to state a cognizable Eighth Amendment claim, he must also demonstrate that a named defendant exhibited deliberate indifference to a substantial risk of serious harm to his health or safety.  Plaintiff has not sufficiently alleged that any prison official was, or currently is, acting with deliberate indifference to his health or safety.  Plaintiff alleges that he told Counselor Winkler that Pleasant Valley State Prison was a place where he could get sick and die.  ECF No. 1 at 1−2.  However, counselor Winkler is not a named defendant and, as a correctional counselor, cannot plausibly be inferred to have the authority or opportunity to prevent or correct the alleged constitutional violation and therefore is lacking in personal involvement.

Plaintiff names as the sole defendant William B. Knipp, who was the Warden at Mule Creek State Prison ("MCSP"), where plaintiff was incarcerated at the time he filed this action.  After he filed suit, however, plaintiff was transferred to PVSP.  Because plaintiff has been transferred from MCSP, Warden Knipp is not a proper defendant in a suit for injunctive relief.  A proper defendant in this action would be one who is responsible for the constitutional violation alleged and who has the opportunity or authority to prevent or correct the alleged violation.  In

5

other words, plaintiff should name as defendant(s) the official(s) within CDCR who can appropriately respond to the requested injunctive relief.

Because plaintiff has not sufficiently alleged the deliberate indifference of a defendant, the complaint must be dismissed. Plaintiff will, however, be granted an opportunity to file an amended complaint. See Lopez v. Smith, 203 F.3d 1122, 1126−27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must allege as specifically as possible how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is cautioned that pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff does not indicate whether he filed, and pursued through the third and final level of review, an

1  inmate appeal in regard to the deprivation alleged. Compliance with the exhaustion requirement
2  is mandatory, even where the relief sought cannot be granted by the administrative process.
3  Booth v. Churner, 532 U.S. 731, 734, 739 (2001) (holding that prisoners must exhaust their
4  administrative remedies regardless of the relief they seek, i.e., whether injunctive relief or money
5  damages, even though the latter is unavailable pursuant to the administrative grievance process).
6  The primary purpose of the exhaustion of remedies requirement is to allow the prison to address
7  the problem short of litigation. Porter v. Nussle, 534 U.S. 516, 525 (2002). CDCR must be
8  afforded the opportunity to address plaintiff's complaint before being sued in federal court.
9      Non-exhaustion under § 1997e(a) is an affirmative defense which may be brought by the
10 defendants in a motion to dismiss under Federal Rule of Civil Procedure 12(b). Jones v. Bock,
11 549 U.S. 199 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, whether
12 plaintiff properly exhausted his claims is not an issue presently before the court at the screening
13 stage. Plaintiff is nevertheless advised that unexhausted claims will be subject to dismissal at a
14 later stage of the proceedings.
15     III.    Temporary Restraining Order
16     On August 9, 2013, plaintiff filed a motion for temporary restraining order preventing
17 CDCR from transferring him from MCSP to any other prison during the pendency of this action.
18     The purpose in issuing a temporary restraining order is to preserve the status quo pending
19 a fuller hearing. See generally Fed. R. Civ. P. 65; see also E.D. Cal. Local Rule 231(a). The
20 standards governing the issuance of temporary restraining orders are "substantially identical" to
21 those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John
22 D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). In general, a plaintiff in a civil
23 case seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to
24 suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
25 favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los
26 Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc.,
27 555 U.S. 7, 20 (2008)). A TRO is "an extraordinary remedy that may only be awarded upon a
28 clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

1    As a threshold matter, convicted prisoners have no reasonable expectation that they will
2 remain in any particular facility, and prison officials have broad authority to transfer prisoners
3 from one facility to another.  See Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes,
4 427 U.S. 236 (1976).  "[A] prisoner's liberty interests are sufficiently extinguished by his
5 conviction that the state may generally confine or transfer him to any of its institutions, indeed,
6 even to a prison in another state, without offending the Constitution."  Bravo v. Hewchuck, 2006
7 WL 3618023, *1 (N.D.Cal.2006) (citations omitted).

8    Plaintiff's contentions of future injury from incarceration at PVSP are, at this time,
9 theoretical and speculative rather than "likely."  Due to the deficiencies in the complaint
10 described above, plaintiff also fails to show a likelihood of success on the merits.  A temporary
11 restraining order is not warranted.

12    In accordance with the above, IT IS HEREBY ORDERED that:

13    1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

14    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
15 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
16 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
17 Director of the California Department of Corrections and Rehabilitation filed concurrently
18 herewith.

19    3.  The complaint is dismissed for the reasons set forth above, with leave to file an
20 amended complaint within thirty days from the date of service of this order.  Failure to file an
21 amended complaint will result in a recommendation that the action be dismissed.

22    4.  Plaintiff's motion for temporary restraining order (ECF No. 3) is denied.

23 DATED: September 20, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//layt1618.B